Good morning, Your Honor. May it please the Court, my name is Erika Scholz and I represent Mr. Carlos Castillo-Crespo in this matter. There are two rules that are important to this case, the Departure Waiver Rule under 8 CFR 1003.3e and the Departure Withdrawal Rule under 8 CFR 1003.4. The difference between the two is basically just timing, and in this case it may have only been a difference of a few days. This Court has already determined that the Fifth Amendment applies when applying these rules, and under Chavez-Garcia v. Session, this Court found that there must be clear and convincing evidence that a departure was 1003.3e. So, we start out in this case, I think, with the notion that if someone, these regulations as we've interpreted them, are constitutional if somebody knows that the effect of leaving, correct? Correct, Your Honor. And your client voluntarily left, yes? He voluntarily left. So, you know, we're not facing the involuntary issue we might otherwise face. So the real question in this case, for me at least, is what's the state of the record on notice to your client of the consequences of his voluntary departure? Your Honor, the government tries to argue... No, just tell me what the state of the record is. I don't care what the government tries to argue. They can get up and try to argue later. Tell me what you think the state of the record is. The judge did not personally tell our client that the consequences of his leaving the United States would result... Okay, so he didn't get any oral advice? He did not get any oral advice. Did he, there is in the record this form, a certain form that would give that, would at least give some hint of that advice, but you contend that there's no evidence that he ever received that form, is that right? That's correct, Your Honor, and to be clear, the BIA never considered this evidence when deciding that the departure, that he departed and that it should be withdrawn. Okay, and then there's also a notice that's sent to counsel that has that information in it. Let's assume that notice had been sent to counsel before your client departed. Would that be sufficient notice? I do not think that will be sufficient notice in this instance, Your Honor, and that is due to the fact that Mr. Crespo has been, has experienced, and this is known to the government, some mental incompetencies. Do you have to rely on that here? Isn't it your contention that your, that he departed before counsel got the notice? There is, it is not clear from the record. The record just doesn't... The record doesn't, it's not clear whether when, when counsel received the notice versus when he actually departed. And the BIA never dealt with any of those issues? Correct, Your Honor. Just because it just applied? They just applied whether or not... The withdrawal rule. Right, the withdrawal rule. Is there a difference between withdrawal and waiver? I do not think there is, Your Honor, and again, in this case, it would have just, it would have been a matter of timing. Given that the, the record is not clear when Mr. Crespo left, it could have been before the notice of the lawyer. The reason I ask these questions, I'm not sure we need to reach in this case, if we were to agree with your argument, whether or not the regulation would apply if counsel had been given notice before the client departed and, you know, we might then have to get into whether the client, the lawyer talked to the client and what happened. The record is just not clear in terms of timing here, is it? That's correct. And under Chavez-Garcia, again, the departure needed to be considered intelligent, and in this case, there is no evidence that it was considered an intelligent. In particular, as the government tries to argue the notice, the written notice, however, there is no oral notice of the consequences of his departure. And if the court does need to look to the facts, we argue that procedural safeguards are appropriate in this manner. And to give some context as to why procedural safeguards are appropriate, I'd like to quickly review the evidence regarding this. Mr. Crespo was detained on U.S. soil by ICE after his notice of appeal had been filed by his attorney of record. The same day ICE identified Mr. Crespo as being previously detained. However, DHS had known of Mr. Crespo's mental health struggles and had previously identified him as a potential class franco-gonzalez. DHS had recognized some new type of mental emergency and they placed him in a safety cell. We can only guess as to what the mental emergency was because the government has not told us what happened. They completely failed to advise Mr. Crespo's attorney why he was placed in a safety cell, whether or not a mental evaluation was performed. Does any of that matter to your confidence? At that time, yes. Okay. And let's assume that his attorney went to him and said, gee, you're going to be released. If you leave the country, we lose. Our appeal is withdrawn. Under those circumstances, would you need more procedural safeguards? Given Mr. Crespo's new mental emergencies, I think that we do need additional procedural safeguards if the court wants to consider whether or not the departure was considered an intelligent. Well, that's my point. If it's not an intelligent departure because he didn't know the consequences of it and hadn't been informed about it, we don't need to worry about additional procedural safeguards, do we? That's correct, Your Honor. Our position is, as in Chavez-Garcia, the court should have orally presented to him the consequences of his departure. Without that, the departure could not be considered intelligent or considered, given the fact that there was no evidence on the record that he had received the proper notice of the consequences. The government cites EOIR-26 form, and that that form warns petitioners that if they depart from the country, they may be The language uses may and not shall or will be withdrawn. Therefore, it is ambiguous as to whether or not other circumstances will be considered in regards to the departure. The form's not in the administrative record, is it? No, this form is not. So we don't know whether or not that form was ever given to counsel? Correct, correct. There's no evidence. If it wasn't given, the record doesn't demonstrate that anybody ever received the form, do we need to worry about its sufficiency? I think in this case, Your Honor... I mean, I know when you're standing up at the plate, it's nice to swing for a home run, but you only did a single here, don't you? Right, right. In this case, Your Honor, it was not sufficient. And I'm sorry, you're asking whether or not we need to consider... Well, no. The problem is that I've looked in the administrative record, and the government candidly admits in the footnote to their brief that the form is not in the administrative record. They just say, we have this form that we thank Mr. Castillo-Crespo got, but we can't... The record doesn't demonstrate that he got it. That's correct. If on remand, it's found as a matter of fact that he got it, then you can argue about its sufficiency. But if he didn't get it, why are we worried about his sufficiency? I agree, Your Honor. We don't, for this case, need to worry about the sufficiency of that administrative document that was not in our administrative record. What's in the record stating that the petitioner preserved his deficient notice argument, or presented it to the BIA? I'm sorry, could you repeat that one more time? Sure. What's in the record suggesting that this deficient notice argument was argued below? There is nothing in the record to say that it was argued below. However, there's nothing to show that it was provided to Mr. Crespo. We argued that there should be some additional fact-finding in this case, and sought remand because we believed that the immigration judge should be the one determining these facts. It was not remanded when we requested that additional proceeding. And again, if facts are looked at in this case, we believe that in the matter of MAM, requires DHS has a continuous obligation, given the change in Mr. Crespo's mental incompetencies, to notify the BIA and his attorney of record. They provide no explanation why they didn't do this. Additionally, we would like to just go back to the cases. We have provided a line of cases, starting with Padilla-Augustin, Martinez de Bajorquez, and Chavez-Garcia, that show that the departure needed to be considered an intelligent. There was no determination by the BIA that his departure was considered an intelligent. The government does not argue that that standard should apply. It tries to argue the facts of the case. The BIA never reviewed those facts of the case. The BIA didn't address that because the petitioner didn't raise those deficient notice arguments below. Isn't that another way to say it? The petitioner raised the issue that it was unclear whether Mr. Crespo had received those notices. I know you argue that to this court, but is there anything in the record suggesting that this deficient notice argument was raised below? You did in your supplemental filing cite Chavez-Garcia. Yes, we did. Is there any other point before the board that you raised, the argument you're raising today? Notice was not sufficient. I believe in our opposition to withdraw. I'm sorry, our opposition to the government's motion to withdraw. And perhaps if you want to save some time for rebuttal, you can locate that. Yeah, I think that's a good time for me to save the rest of my time for rebuttal and perhaps address your question afterwards. Thank you. May it please the court, Victoria Braga appearing on behalf of the Attorney General. The court should deny this petition for review because the board correctly found the petitioner withdrew his appeal from the board's consideration. Addressing first the issue of notice, which is an issue that petitioner focused on heavily today at argument, petitioner actually seems to have conceded before the board that petitioner did receive notice of the consequences for departing the United States. Tell me where he conceded that. So it is in his, I think it's his appeal brief to the board on page 92. Give me the ER number. I'm sorry? Give me the ER number, excerpt of record number. Is it, would it be 92? I don't know. Will you tell me? I'm sorry, we have just a certified administrative record. C-A-R, C-A-R. Certified administrative record number 92. Yes. So that is a page in petitioner's appeal brief to the board. And at the top of, well, starting at the bottom of administrative record page 91, he, petitioner says, indeed, even the board's instructions to respondents appealing immigration judge's decisions indicate that their departure from the United States may result in withdrawal of an appeal. And then he has a footnote, footnote number 18, where he quotes the permissive though not mandatory language on the official. That's his lawyer arguing that the form is, is insufficient. It doesn't concede that he received the form, which is not in the administrative record. Right, so that. So, so tell me where he concedes that he was told before he departed the country that it would have these consequences. Well, so it was two times, and this would be the first. And I've read that, I, I'm sorry, I've read that. It's his lawyer saying this form, even if received, would be insufficient. But you concede the form isn't even in the record. Well, the form would not be in the record because the, we called it a form. It's not really a form. It's instructions to the filing. It says form at the bottom of it, doesn't it? It's in, I'm sorry, where? Well, put it aside. Whether it's a form or it's instructions, how do we know that he received it? So we know that his attorney received the instructions because the instructions are attached to the form that the attorney files, which is in the record. And that would be his, his appeal form, which is on the record. The notice of appeal to the board is that administrative record 159 through 64. And, and, and are they attached in the record to the notice of appeal? Well, they're not attached in the record because I believe that the attorney wouldn't typically mail the instructions with, so there's the instruction. If you look online, and we can provide the link. But I'm just trying to find out what the record shows me here. It may well be that if we remand this to the board, they will find that perfect notice was provided. Trying to figure out what we can tell for, because there's no discussion of this in the board's decision. Tell me where in the record before us I can conclude that these instructions were sent to his attorney before he left the country. Right, well, so you can also look at the record at the final hearing where the IJ renders the oral decision on May 16th of, I think it's 2017. This is at page 373 of the administrative record. He says to petitioner's counsel, all right, and Mr. Embriano, I assume you have the appeal packages. I think that could be read to indicate that the appeal packages include the instructions for filing an appeal. Well, but that's my problem. How do I conclude that the appeal packages, you might be able to show that perfectly well in front of finder of fact, but we're stuck with the BIA record. So how do I conclude that the appeal package contained this instruction? I think in this instance, what we would be asking you to do is to put multiple facts in the record together. So you have the IJ statement, you have the appeal packages, then you have the facts. But we don't have the appeal packages. You don't have the appeal package, but part of the appeal packages would be the notice of appeal, which was filed. And then you have his attorney in his brief to the board referencing instructions and conceding that these instructions are part of the form EOIR-26. If you look at his notice of appeal to the board, it is also called form EOIR-26. The instructions, I think, are also included as part of that form, but they're not something that petitioners mail to the board when they're filing their notice of appeal because they're just instructions. So they don't make their way into the administrative record. But luckily here for the government, we have the attorney quoting the instructions on that form with regard to this specific issue. So we're asking the court to look at those multiple places in the record and to find that this warning was known. Okay, so let me just sort of walk this through. Let's assume that we accept this argument and that we say we could determine on this record, even though the board didn't, that the council got this form. Is that sufficient under Chavez-Garcia to establish a knowing and intelligent waiver? Well, Chavez-Garcia deals with a different situation. I know. Let's assume that withdrawal and I must say, I'm not, I'm having some difficulty telling the difference between withdrawal and waiver. So for purposes of my question, let's assume that the Chavez-Garcia construct applies to this case. And the attorney knew, was told. Is that enough to establish an intelligent and knowing waiver? Yes, I think under this court's precedent in Garcia v. INS, this is a quote, there's a longstanding principle in our system of representative litigation that each party is deemed bound by the acts of his lawyer agent and is deemed to have notice of all facts, notice of which can be charged upon the attorney. But the notice may be different than an intelligent waiver. See, it may well be that we could deem this petitioner to have that knowledge. I'm not sure how well we could on this record, but let's assume that we could. Well, I think that... Did we then, from the mere fact of his departure, find an intelligent waiver? Well, so I do want to say that I think that there are distinctions between waiver and withdrawal. At the point that... Take your shot at those, tell me what they are. At the point that an appeal is being waived, there's no indication of the petitioners, if he had not been warned by an IJ or in writing, but under Chavez-Garcia, he's now warned by an IJ that if he leaves before appealing, then his appeal will be waived. There's no indication other than his departure of his intent to appeal. So then we have to look and see whether the waiver was intelligent and knowing. Here, we're at a different part in the case where appeal has not only been reserved, but it's also been taken. So we know that the petitioner, at some point, was intending to appeal. We then have to look less at whether his actions were knowing and intelligent with regard to his departure because we already know that, at some point, he intended to appeal. We assume, again, if he files his appeal through counsel, that he knows that his appeal has been filed, that he knows of these warnings, that his... That's my problem. Once you say we assume he knows of the warnings, we're in a different situation. So you were arguing in your brief that Chavez-Garcia doesn't apply to this circumstance because it's a withdrawal rather than a waiver. And now you're adding to the fact that he knew of the warnings. Once he knows of the warnings, we have the Chavez-Garcia construct, don't we? In other words, I thought your argument in the brief was no warning was necessary under these circumstances because it's a withdrawal, not a waiver. Is that still your argument? No. So if we argue that in the brief, I don't think that we intended to. We do recognize this court's precedent, even in Martinez de Bajorquez, which states that aliens do have to be warned of these consequences of withdrawal. However, I think that was a very different situation than this one. So you agree that they have to be warned, that Mr. Crespo had to be warned in this case? He had to have noticed that his departure would result in the withdrawal of his appeal. So now back to the Chavez-Garcia construct. Is it enough for the record to establish knowing an intelligent waiver if the IJ simply tells the attorney in a letter or something this is the consequences of it and doesn't inform the petitioner? I think it is enough in the context of withdrawal because, again, with withdrawal, you have a situation where an appeal has already been filed. But now you're saying withdrawals... Now you're saying that the amount of knowing an intelligent waiver is different in the withdrawal context than in the waiver context. That's your position, that we require more in the waiver context than in the withdrawal context. So in the waiver context, I think that you require the IJ to tell the petitioner because it's an immediate consequence that could occur based on the petitioner's actions at that moment. I think that the petitioner, when he chooses to appeal, that's when the departure withdrawal regulation comes into a play. And at that point, he is not before an IJ. So at that point, he is warned in writing twice, both when he first chooses to file the appeal and then when the appeal is received by the board. And if he's represented, he is warned through his attorney that if he departs from the United States, his appeal will be withdrawn. So that's the difference in an IJ having to discuss with a petitioner waiver who's immediately before him and could potentially, because he hasn't filed an appeal at that point, leave the court and leave the United States and waive his appeal versus later on in the case when the petitioner has decided to appeal, you then have these departure withdrawal notices implicated. And this court has indicated that in Martinez-DePujarquez, no notice of these consequences would be insufficient, but the court left open the question of how the agency could adequately warn petitioners. And the agency has chosen to warn petitioners at the point that they have chosen to file a notice of appeal in the instructions to the notice of appeal that if they leave from the United States, their appeal will be withdrawn, and then to warn them again once the appeal has been filed and received by the board that they will have their appeal withdrawn if they leave from the United States. I also want to discuss a little bit what the court was talking about before with Petitioner's Counsel, the timeline regarding the notice. So the appeal was prepared, it indicates in the record, on June 2nd, 2017. It's at that point that the appeal is prepared that I think we can charge Petitioner's Counsel with notice of the instructions where the first warning is issued. The appeal was received by the board on June 5th, 2017. The notice that the appeal had been received with the second warning about the appeal being withdrawn in the case of departure, that notice was mailed on June 6th, or the notice is dated June 6th, we can assume it's mailed June 6th of 2017. The evidence in the record about when Petitioner departed and re-entered, I think the record makes clear based on an I-213, that's a DHS document at Administrative Record, page 149, that the Petitioner re-entered on June 13th. In Petitioner's opening brief, he claims that that re-entry was only two days after he had departed. So that puts his departure at June 11th. Prior to June 11th, on June 2nd, and then on the date that the June 6th notice was received by Petitioner's Counsel, he had received both of those warnings about his departure. But I think that the record is not disputed as the fact that the June 6th notice was received by Counsel. Or is it? I don't think Counsel, particularly in their opening brief, disputes that... We know when it was received. I don't think there's a received stamp on the notice. The notice is on Administrative Record, page 159. We know it was sent on June 6th. Or at least it's dated June 6th. We know that it's dated June 6th. It's on page 157 of the Administrative Record. You know, as a guide point, we can say that the appeal is dated by Petitioner's Counsel, June 2nd, 2017. It's received by the Board, June 5th, 2017. Even if we allow a four-day leeway from the date that the notice is dated to the date that Petitioner's Counsel receives it, that's still June 10th. And by Petitioner's own admission in his opening brief, he doesn't depart the United States until June 11th. So that second warning, it's likely based on that timeline that the second warning was received by the Petitioner. But beyond that, the appeal is prepared on June 2nd. And it's at that point in the preparation of the appeal that Petitioner's Counsel is aware of the instructions, the instructions which specifically state and warn the Petitioner that his departure from the United States may result in the withdrawal of the appeal that he's filing with the Board. And if there are no further questions, we ask the Court to deny the petition for review. Thank you. Thank you. Got some time for rebuttal. Thank you, Your Honor. I would like to point to Mr. Crespo's submission at Administrative Record 108, which is the response in opposition to the Department of Homeland Security brief and status of withdrawal. And throughout this, it notices there's a number of issues in regards to whether or not the government has properly sent notices or submissions to respond to Mr. Crespo's attorneys. For example, note one, the respondent is unsure what day Department of Homeland Security submission was filed with the Board. And it goes on to say that undersigned counsel as an office of the Court notes that the submission was not delivered by the U.S. United States Postal Office until many days later. It was July 3rd. And that it was 11 days. So there's evidence here that although the government says they've sent something, they're not sending it by certificate. They're not sending certificates mail. They're not sending it overnight mail. And then in footnote two, we state the undersigned counsel notes that respondent has been continually represented since November 24th, yet no formal notice was provided to counsel by DHS that the respondent had come back into custody. The DH submission at Exhibit 1, which was of their motion to withdraw, includes Form I-830, Notice to EOIR, dated June 21st, 2017. The form does not include an integrated proof of service, nor is a certificate of service attached. The undersigned counsel has not been previously served with this form and is unaware of it's previously filed with the Executive Office of Immigration Review. Or if it's the first time being submitted. So although the government argues that these documents were given to attorneys counsel, there's no certificate of service to say that they were. They're not part of the administrative record. And it's not clear that the attorney received them on the days that the government is asserting. So going back to your question, whether or not we identified issues with receiving such notices, I think that we did that in our opposition to the response, I'm sorry, opposition and response to the motion to withdraw, and our opening brief to the BIA regarding Mr. Kresko's appeal. Is there any other questions? There are none, and we thank both counsel for their arguments. Thank you so much. This case will be submitted, and the court will stand in recess. Thank you. Thank you.
judges: Hurwitz, Owens, Lee